THOMAS REAP REALTY COMPANY, PLAINTIFF-APPELLANT, *v.*
HADLOCK ET AL, DEFENDANTS-APPELLEES.

Ohio Appeals, Seventh District, Geauga County.

No. 335.   Decided February 9, 1961.

*Mr. George D. Eaton,* for plaintiff-appellant.
*Messrs. Class & Ketchell,* for defendants-appellees.

*Per Curiam.* In this action the plaintiff a realtor, filed suit against the defendant property owners for a commission claimed to have been earned by the plaintiff by procuring a purchaser for the defendants' real estate at defendant's request.

The prospect procured by the plaintiff and introduced to the defendants was the Cities Service Oil Company.

Evidence in the record discloses that after the original agreement by the defendant to hire the plaintiff, the plaintiff introduced the representative of the Cities Service Oil Company to the defendant, and that the defendant and the Cities Service Oil Company agents thereafter negotiated continuously and without interruption. The Cities Service Oil Company introduced into these negotiations a Doctor Harold Greenbaum.

The evidence in the case discloses that the defendant assumed he was selling to Cities Service Oil Company. At the trial the defendant testified that he sold to Cities Service Oil Company. The fact is that the Cities Service Oil Company did inspect the property, did negotiate the financing, and did take an option upon the property. At the same time Cities Service Oil Company entered into a lease for the property with itself as lessee and Greenbaum as lessor.

The record further discloses that Cities Service Oil Company subsequently took possession of the property and occupied it immediately upon the improvements having been completed by Greenbaum. Greenbaum paid the purchase price and took title from the defendant at the request of Cities Service Oil Company, which thereupon abandoned its option.

Dr. Greenbaum was referred to in the evidence as "one of the Cities Service Oil Company's investors."

At the close of plaintiff's evidence, and upon motion of the defendant, the trial court held that upon this state of evidence plaintiff was not entitled to a commission and directed the jury to return a verdict for the defendant.

The question of whether a real estate broker is entitled to a commission for the sale of property depends upon his being the "procuring cause" of the sale.

The procuring cause refers to that cause which directly brings about a series of events which without break in their continuity directly result in the accomplishment of the prime objective of the employment of the broker, namely, the producing of a purchaser ready, willing and able to buy real estate on the owner's terms. *Bauman* v. *Worley*, 166 Ohio St., 471.

The trial court took the position that the continuity was broken by the fact that the actual purchaser was not the person introduced to the defendant by the broker.

Whether a broker is the procuring cause of a sale is a question of considerable difficulty. In the main it is a question of fact for the jury, the decision in each case being dependent upon the particular facts and circumstances thereof. *Godefroy* v. *Hupp*, 93 Washington, 371, 160 Pacific 1056; Annotation 9 A. L. R., 1194; 43 A. L. R., 1126; and 47 A. L. R. 855.

The question of whether a broker's right to compensation may be affected by the fact that the customer procured by him joined with another in the eventual purchase of the property involved, or secured another to purchase the property for its specific use, is one which has been troublesome to many courts. However, a majority of the courts seem to hold that the question of whether the broker is the procuring cause under these circumstances is for the jury. *White* v. *Grovier*, 164 A. L. R., 943, and annotation 164 A. L. R., 949.

We are of opinion that under all the evidence the question in this case was one for the jury.

The judgment is therefore reversed and the cause remanded to the Common Pleas Court for a new trial.

GRIFFITH, P. J., DONAHUE and BROWN, JJ., concur.